```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
Taisha Allen,                                    :
                                                 :    Index No.: 15-4105
                         Plaintiff,              :
                                                 :
-against-                                        :    Amended Complaint and Jury
                                                 :              Demand
The City of New York, Police Officer Stephen     :
Damico, individually and in his official capacity, John :
and Jane Does 1-10, individually, and in their Official :
Capacity as Officials and/or Police Officers for The :
City of New York.                                :
                                                 :
                         Defendants.             :
                                                 :
------------------------------------------------------------------- X
```

## Introduction

This case is about the unlawful arrest and use of force visited upon Plaintiff by the Defendants. Plaintiff's acquaintance was being accosted by Defendant Officers for allegedly trespassing at Plaintiff's address. Plaintiff informed the Defendant Officers that her acquaintance was not trespassing, but rather visiting her. Upon hearing this, one of the Officers told the Plaintiff "oh, you are that bitch that filmed the Eric Garner video." The officer then declared that Plaintiff allegedly had a warrant out for her arrest and proceeded to throw Plaintiff over a wait-high fence, and then onto the ground where several Officers jumped on Plaintiff causing her injuries about the body. The Defendant Officers than falsely arrested the Plaintiff and refused to take her for arraignment for well past two days after her arrest for no legitimate reason other than to unlawfully punish Plaintiff.

I. Jurisdiction and Venue

1. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

2. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because the events/omissions giving rise to these causes of action all occurred in this District.

II. Parties

3. Plaintiff was at all relevant times a resident of Richmond County, New York.

4. Officer Damico is a Police Officer for the City of New York.

5. Officers and individuals John and Jane Does 1-10, are named individually and in their official capacity as Officials and/or Police Officers for the City of New York, ("Defendant Police Officers" or "Officer(s)") and were at all relevant times acting under the color of state law as Police Officers for the City of New York.

6. Defendant City of New York is a municipality organized under the laws of New York and the employer of Defendant Police Officers.

7. New York Police Department is a municipal entity organized under the laws of New York.

II. Facts

8. In February 2015, Plaintiff was preparing dinner and asked her friend to go to a nearby supermarket to pick up a few ingredients to complete dinner.

9. Thereafter Plaintiff observed her friend being stopped by several police Officers and being accused of trespassing at Plaintiff's residence.

10. Plaintiff approached the police Officers and informed them that he friend was not trespassing as he was her guest.

11. An officer observed the Plaintiff and told her, in sum and substance, "oh, you are that bitch who filmed the Eric Garner situation."

12. This was in reference to the unlawful death of Eric Garner that has riveted this nation and focused attention on police misconduct.

13. Plaintiff was at the scene of Mr. Garner's unlawful death, and was one of the individuals who filmed the police's unlawful activity.

14. Upon hearing this, the Plaintiff asked what did Eric Garner have to do with them unlawfully detaining her friend.

15. At that point the Officers told the Plaintiff to walk away and mind her business.

16. Plaintiff again asked what was going on with her friend.

17. At that point the police officer stated, in sum and substance, "Ok. Now you have a warrant out for your arrest."

18. The officer simply made up that assertion as he did not have any of Plaintiff's credentials in his possession from which to check if she had a warrant for her arrest.

19. At that point, seeing that these Officers would seek to manufacture an incident against the Plaintiff, the Plaintiff stated to the Officers that she will walk away as they instructed.

20. At that point several Officers grabbed Plaintiff and threw half of her body over a fence.

21. The Officers grabbed and twisted her arms as Plaintiff screamed in agony.

22. Moreover, Plaintiff had recently suffered from a broken leg and was screaming in pain as the Officers were twisting her body and began dragging her on the floor.

23. The Officers then attempted to throw Plaintiff on the snow covered floor. The Plaintiff informed the Officers that such conduct was unnecessary and would cause her further injury.

24. The Officers then body slammed Plaintiff on the ground and dragged her on the ground for several feet.

25. At this point, a crowd had gathered and several individuals witnessed the police Officers' unlawful actions.

26. At no time did the Plaintiff resist arrest.

27. Plaintiff was then transported to hospital for medical treatment. Plaintiff received treatment for pain, bruises, bumps, and sprains throughout her body. She left the hospital on crutches in police custody.

28. At the hospital, a police officer told her that she did not have a warrant for her arrest.

29. Plaintiff was then taken to the 120 precinct and made to stay there for several hours.

30. The next day the Plaintiff was taken to the 122 precinct for no lawful reason. The Plaintiff was informed by police Officers that she would be going to court "at some point."

31. Plaintiff was made to stay at the 122 precinct for hours while she complained about not being arraigned or have the ability to see a judge.

32. Plaintiff was in complete agony from the pain she was experiencing as a result of the assault visited upon her by police Officers during her arrest.

33. The Plaintiff was then taken to the 120 precinct again for no legitimate reason. The Police Officers were intent on unlawfully keeping Plaintiff in custody so that she would continue to suffer.

34. At some point, more than a day after her arrest, the Plaintiff was taken to the courthouse and arraigned.

35. The Plaintiff was falsely charged with several misdemeanors.

36. Plaintiff properly filed a Notice of Claim and appeared for her 50-H hearing. Plaintiff complied with all requirements and prerequisites to file this action.

Count I-Excessive Force
Pursuant to Federal and State Law

37. Plaintiff repeats each and every Paragraph as if fully set forth herein.

38. During the course of the false and improper detention and/or arrest of Plaintiff, Defendants intentionally and/or recklessly used unreasonable and/or excessive force on Plaintiff, thereby depriving Plaintiff of her right to be free from the use of unreasonable force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, the Constitution of the State of New York and the Law of the State of New York.

39. Plaintiff was unlawfully searched and seized under the Fourth Amendment and under the totality of the circumstances the Defendants' actions were not objectively reasonable, given that Defendants illegally searched, falsely arrested, detained, seized Plaintiff by arresting Plaintiff without any legal justification, and punching, striking, and throwing Plaintiff on the ground causing her to suffer physical and emotional injuries.

40. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered physical and mental anguish and injury and monetary loss and damage all to her great detriment.

Count II-Respondent Superior

41. Plaintiff repeats each and every Paragraph as if fully set forth herein.

42. At all relevant times, Defendant City of New York is the employer of the individual Defendants and the individual Defendants were acting as its agents, servants and employees.

43. The City of New York failed to use reasonable care in the selection of its employees, and/or servants, failed to properly train and/or supervise the individual Defendants, and failed to provide the appropriate safeguards to prevent the assault, false arrest, improper detention and imprisonment, malicious prosecution and violation of the rights of Plaintiff.

44. For example, the City of New York failed to train the Officers in this case in probable cause as they accosted and stopped Plaintiff without legal justification to do so.

45. By way of further example, the City of New York failed to train its Officers in use of force so as to prevent the Defendant Officers from assaulting Plaintiff and applying excessive force against the Plaintiff.

46. Indeed, the City of New York failed to monitor and supervise their Officers such that an officer can claim to make an arrest for an outstanding warrant without ever checking a civilians' name or ascertaining whether they had a warrant.

47. An officer can simply make up the fact that there was a warrant without a supervisor checking to ensure that a warrant exists or that the officer actually checked.

48. The City of New York thus created a tacit policy and custom of permitting the Defendant Officers' actions to continue with their imprimatur.

49. The City of New York and its Officers acted under color of law pursuant to an official policy or custom and practice of the City of New York whereby the use of excessive force and false arrests are permitted, tolerated, and condoned, in addition to false arrests and making arrests and seizures without probable cause, and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual Defendants from unlawfully and maliciously conducting, permitting or allowing the false arrest, malicious prosecution and/or use of excessive force upon Plaintiff in violation of the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and/or New York.

50. The City of New York had knowledge of, or had it diligently and reasonably exercised its duties to instruct, supervise, control and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally, knowingly or with deliberate indifference to Plaintiff's rights, failed or refused to prevent their commission and/or omission.

51. The City of New York, therefore, directly or indirectly, and under color of law, thereby approved or ratified the unlawful, malicious and wanton conduct of the individual Defendants.

52. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered damage to her reputation, physical and mental anguish and injury and monetary loss and damage all to his great detriment.

Count III-Assault and Battery and Negligence<br>Pursuant to State Law

53. Plaintiff repeats each and every Paragraph as if fully set forth herein.

54. Defendant Police officers assaulted Plaintiff by striking Plaintiff about the body, placing handcuffs on Plaintiff, laying on top of Plaintiff, and dragging Plaintiff on the ground with no legal justification.

55. Defendant Police officers committed these acts without legal justification or permission of the Plaintiff.

56. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered physical and mental anguish and injury and monetary loss and damage all to her great detriment.

Count IV-Failure to Intervene

57. Plaintiff repeats each and every Paragraph as if fully set forth herein.

58. Each of the Defendant officers engaged in the use of excessive force and assault of the Plaintiff.

59. While each Defendant officer was engaged in the use of excessive force, the others failed to intervene to prevent the use of excessive force.

60. The Defendant officers watched as Plaintiff was unlawfully assaulted by other officers.

61. Each of the Defendants had an opportunity to intervene as the use of excessive force was being deployed in front of them and within their immediate area.

62. Rather than intervene to stop the use of excessive force as the law mandates they do, the Defendant officers did nothing, and then attempted to conceal the use of excessive force by falsifying criminal complaints against Plaintiff and issuing a perjure-laden police reports.

WHEREFORE, Plaintiff demands that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiff arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages;

(c) interest, both pre-judgment and post-judgment;

(d) attorney's fees;

(e) costs;

(f) injunctive relief, including but not limited to:

(i) An order from this Court enjoining the New York City Police Department from continuing its pattern and practice of violating citizens' civil rights;

(g) and all such other relief as this court may deem appropriate, equitable, and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

| | |
|---|---|
| Dated: December 13, 2015 | Respectfully submitted,<br>s/Aymen A. Aboushi<br>Aymen A. Aboushi, Esq.<br>The Aboushi Law Firm<br>1441 Broadway, 5th Floor<br>New York, NY 10018<br>Tel: 212.391.8500<br>Fax: 212.391.8508<br>Email: Aymen@Aboushi.com<br>www.Aboushi.com |