UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Taisha Allen,

                          Plaintiff,

-against-

The City of New York, Police Officer Stephen Damico, individually and in his official capacity, John and Jane Does 1-10, individually, and in their Official Capacity as Officials and/or Police Officers for The City of New York,

                          Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND POLICE OFFICER STEPHEN D'AMICO**

15 CV 4105 (KAM) (RLM)

<u>JURY TRIAL DEMANDED</u>

------------------------------------------------------------------------ x

        Defendants City of New York ("City") and Police Officer Stephen D'Amico (sued herein as "Stephen Damico"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:

        1. Notwithstanding that the unenumerated paragraph under the section entitled "Introduction" of the Amended Complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1), which requires each allegation to be simple, concise, and direct, defendants object to and deny the embedded assertions as to "unlawful arrest and "falsely arrested" as plaintiff *pleaded guilty*, further deny that any member of the New York City Police Department used any unlawful force against plaintiff, and deny the remaining allegations set forth therein, except admit only that there was a warrant for plaintiff's arrest under Docket Number 2011RI001972.

        2. Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit only that plaintiff purports to invoke the Court's jurisdiction as set forth therein.

3. Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit only that plaintiff purports to base venue as stated therein.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Amended Complaint.

5. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit only that Officer D'Amico was employed by the NYPD on or about February 26, 2015.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the unidentified officers in paragraph "5" of the Amended Complaint and further state that the allegation that officers were "acting under the color of state law" is a conclusion of law to which no response is required.

7. Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit only that the City is a municipal corporation organized under the laws of the State of New York and that Officer D'Amico was employed by the NYPD on or about February 26, 2015.

8. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit only that the City is a municipal corporation and that it maintains a police department known as the New York City Police Department ("NYPD") and respectfully refer the Court to the New York City Charter, Administrative Code, and other relevant provisions of law for a recitation of the relationship between the City and NYPD and the City's responsibilities incident thereto.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Amended Complaint.

10. Deny the allegations set forth in paragraph "9" of the Amended Complaint.

11. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit only that plaintiff approached a NYPD officer, pushed him, and obstructed law enforcement by placing herself between NYPD officers and a third party.

12. Object to and deny the embedded assertion that any NYPD officer recognized plaintiff and deny the remaining allegations set forth in paragraph "11" of the Amended Complaint.

13. Deny the allegations and embedded assertions set forth in paragraph "12" of the Amended Complaint.

14. Object to and deny the embedded assertions as to "unlawful death" and "unlawful activity" and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "13" of the Amended Complaint.

15. Deny the allegations set forth in paragraph "14" of the Amended Complaint.

16. Deny the allegations set forth in paragraph "15" of the Amended Complaint.

17. Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that plaintiff was informed that there was a warrant for her arrest because there was in fact a warrant for her arrest under Docket Number 2011RI001972.

18. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "18" of the Amended Complaint.

20. Object to and deny the embedded assertion that any officers "would seek to manufacture an incident against the Plaintiff" and deny the remaining allegations set forth in paragraph "19" of the Amended Complaint.

21. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

22. Deny the allegations set forth in paragraph "21" of the Amended Complaint.

23. Deny the allegations set forth in paragraph "22" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff had purportedly "recently suffered from a broken leg".

24. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

25. Deny the allegations set forth in paragraph "24" of the Amended Complaint.

26. Object to and deny the embedded assertion as to purported "unlawful actions" and deny the remaining allegations set forth in paragraph "25" of the Amended Complaint, except admit only that several individuals were present during part of the incident.

27. Deny the allegations set forth in paragraph "26" of the Amended Complaint.

28. Object to and deny the embedded assertion that plaintiff received treatment as a result of any action by a member of the NYPD and deny the remaining allegations set forth "27" of the Amended Complaint, except admit only that plaintiff was transported to Richmond University Medical Center.

29. Deny the allegations set forth in paragraph "28" of the Amended Complaint and further state there was an active warrant for her arrest under Docket Number 2011RI001972.

30. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

31. Deny the allegations set forth in paragraph "30" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

33. Object to and deny the embedded assertion as to the purported "assault visited upon her" and deny the remaining allegations set forth in paragraph "32" of the Amended Complaint.

34. Deny the allegations set forth in paragraph "33" of the Amended Complaint, except admit only that plaintiff was transported to Richmond County Central Booking, which is located at the 120th Precinct.

35. Deny the allegations set forth in paragraph "34" of the Amended Complaint, except admit only that plaintiff was arraigned before the Richmond County Criminal Court on or about February 28, 2015, during which time she pleaded guilty.

36. Deny the allegations set forth in paragraph "35" of the Amended Complaint and further state that plaintiff pleaded guilty.

37. Deny the allegations set forth in paragraph "36" of the Amended Complaint, except admit only that a document purporting to be a notice of claim was received by the Office of the Comptroller on or about March 26, 2015, that she failed to appear for her 50-h hearing on June 22, 2015, that plaintiff attended a 50-h hearing on July 9, 2015.

38. In response to the allegations set forth in paragraph "37" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

40. Deny the allegations set forth in paragraph "39" of the Amended Complaint.

41. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

42. In response to the allegations set forth in paragraph "41" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

43. Deny the allegations and embedded assertions set forth in paragraph "42" of the Amended Complaint, except admit only that Officer D'Amico was employed by the NYPD

on or about February 26, 2015.  Further state that the allegation that defendants were "acting as its agents, servants and employees" is a conclusion of law to which no response is required.

44. Deny the allegations and embedded assertions set forth in paragraph "43" of the Amended Complaint.

45. Deny the allegations set forth in paragraph "44" of the Amended Complaint and further state that plaintiff is precluded from contesting probable cause for her arrest on the grounds of collateral estoppel and Heck v. Humphrey, 512 U.S. 477 (1994), because she pleaded guilty.

46. Object to and deny the embedded assertion as to "excessive force" and as to a purported "assault[]" and deny the remaining allegations set forth in paragraph "45" of the Amended Complaint.

47. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

49. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

50. Notwithstanding that the allegations set forth in paragraph "49" of the Amended Complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1), which requires each allegation to be simple, concise, and direct, defendants deny allegations and embedded assertions set forth therein.  Further state that the allegation that defendants "acted under color of law" is a conclusion of law to which no response is required.

51. Object to and deny the embedded assertion as to "the wrongful acts and/or omissions identified above" and deny the remaining allegations set forth in paragraph "50" of the Amended Complaint.

52. Deny the allegations and embedded assertions set forth in paragraph "51" of the Amended Complaint.

53. Deny the allegations and embedded assertions set forth in paragraph "52" of the Amended Complaint.

54. In response to the allegations set forth in paragraph "53" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "54" of the Amended Complaint.

56. Deny the allegations set forth in paragraph "55" of the Amended Complaint.

57. Deny the allegations set forth in paragraph "56" of the Amended Complaint.

58. In response to the allegations set forth in paragraph "57" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

59. Object to and deny the embedded assertion as to "excessive force and assault" and deny the remaining allegations set forth in paragraph "58" of the Amended Complaint.

60. Object to and deny the embedded assertion that any member of the NYPD used excessive force or any unlawful conduct such as to impose a duty to intervene on any other member of the NYPD and deny the remaining allegations set forth in paragraph "59" of the Amended Complaint.

61. Object to and deny the embedded assertion that officers "unlawfully assaulted" plaintiff and deny the remaining allegations set forth in paragraph "60" of the Amended Complaint.

62. Object to and deny the embedded assertion that any member of the NYPD used excessive force or any unlawful conduct such as to impose a duty to intervene on any other member of the NYPD and deny the remaining allegations set forth in paragraph "61" of the Amended Complaint.

63. Object to and deny the embedded assertion that any member of the NYPD used excessive force or any unlawful conduct such as to impose a duty to intervene on any other member of the NYPD and deny the remaining allegations set forth in paragraph "62" of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

64. The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

65. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of defendants.

**THIRD AFFIRMATIVE DEFENSE:**

66. Plaintiff provoked any incident.

**FOURTH AFFIRMATIVE DEFENSE:**

67. Defendant City of New York has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof.

**FIFTH AFFIRMATIVE DEFENSE:**

68. There was probable cause for plaintiff's arrest, detention, and prosecution.

**SIXTH AFFIRMATIVE DEFENSE:**

69. At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**SEVENTH AFFIRMATIVE DEFENSE:**

70. Punitive damages cannot be assessed against defendant City of New York.

**EIGHTH AFFIRMATIVE DEFENSE:**

71. Plaintiff has failed to mitigate her alleged damages.

**NINTH AFFIRMATIVE DEFENSE:**

72. Plaintiff has failed to state a claim under Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978).

**TENTH AFFIRMATIVE DEFENSE:**

73. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE:**

74. To the extent any force was used, such force was reasonable, necessary, and justified.

**TWELFTH AFFIRMATIVE DEFENSE:**

75. Plaintiff's claims may be barred, in whole or in part, because plaintiffs may have failed to comply with all conditions precedent to suit.

### THIRTEENTH AFFIRMATIVE DEFENSE:

76. To the extent any claims are made pursuant to the laws of the State of New York, plaintiff may have failed to comply in whole or in part with New York General Municipal Law §§ 50(e), 50(h), and/or 50(i).

### FOURTEENTH AFFIRMATIVE DEFENSE:

77. Defendant Stephen D'Amico has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### FIFTEENTH AFFIRMATIVE DEFENSE:

78. At all times relevant to the acts alleged in the Amended Complaint, defendant Stephen D'Amico acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE,** defendants City of New York and Officer Stephen D'Amico request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
               January 14, 2016

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendant City of New York and Stephen D'Amico*
100 Church Street, Room 3-170
New York, New York 10007
(212) 356-3522

By: _____/s/_____
      Gary Moy
      Senior Counsel

TO: <u>VIA ECF</u>
Aymen Aboushi, Esq.